Lance Gotthoffer (LG 5932)
Michael J. Venditto (MV 6715)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BFI CAPITAL, LLC, and D.B. ZWIRN REAL          :
ESTATE CREDIT PARTNERS L.L.C.,                 :
                                               :
                            Plaintiff,         :          Civil Action No. 09-CV-02487
                                               :
            - against -                        :          **FIRST AMENDED
                                               :          COMPLAINT**
PETER R. MORRIS,                               :
PRM REALTY GROUP, LLC,                         :
BAGELPIPE, LLC,                                :
RCCI MANAGEMENT, LLC, and                      :
JOHN HENRY FELIX,                              :
                                               :
                            Defendants.        :
-----------------------------------------------------------------X

Plaintiffs by their attorneys, Reed Smith LLP, respectfully allege for their First

Amended Complaint as follows:

## NATURE OF THE ACTION

1.    This is an action to recover $25,160,055.02, plus interest and fees, pursuant

to a Limited Guaranty of Payment ("Guaranty") executed by the Defendants on or about

February 9, 2006, as thereafter modified.  A true and correct copy of the Guaranty is

attached hereto as Exhibit A.

## PARTIES

2.     Plaintiff BFI Capital, LLC ("BFI") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal office at 50 Main Street, Suite 1000, White Plains, New York 10606.

3.     Plaintiff D.B. Zwirn Real Estate Credit Partners, LLC ("DBZ", and together with BFI, "Plainitffs") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal office at 746 Fifth Avenue in the City, County and State of New York.  The members of plaintiff DBZ include citizens of the States of New York and Illinois.

4.     Upon information and belief, defendant Peter R. Morris ("Morris") is an individual having a business address at c/o PRM Realty Group, LLC, 150 North Wacker Drive, Suite 1120, Chicago, Illinois 60606. Upon further information and belief, defendant Morris is a citizen of the State of Illinois.

5.     Upon information and belief, defendant PRM Realty Group, LLC ("PRM Realty") is a limited liability company organized and existing under the laws of the State of Illinois, having at address at 150 North Wacker Drive, Suite 1120, Chicago, Illinois 60606.  Upon further information and belief, the members of defendant PRM Realty include citizens of the State of Illinois.

6.     Upon information and belief, defendant BagelPipe, LLC ("BagelPipe") is a limited liability company organized and existing under the laws of the State of Hawaii, having an address at Five Waterfront Plaza, 500 Ala Moana Boulevard, 4th Floor, Honolulu, Hawaii 96813.

7.     Upon information and belief, defendant RCCI Management, LLC ("RCCI") is a limited liability company organized and existing under the laws of the State of Delaware, having an address at 677 Ahua Street, Honolulu, Hawaii 96819.

8.     Upon information and belief, defendant John Henry Felix (individually "Felix", and collectively with PRM Realty, BagelPipe, RCCI, and Morris, the "Defendants") is an individual residing in the State of Hawaii, having a mailing address at P.O. Box 240778, Honolulu, Hawaii 96824.

9.     Each of the Defendants has agreed to submit itself to the jurisdiction of the Supreme Court of the State of New York and has consented to the venue of this action in the County of New York.

## BACKGROUND & FACTUAL ALLEGATIONS

The Loan

10.     In or about February 2006, PMP II, LLC ("PMP II"), a Delaware limited liability company sought to borrow up to $18,500,000.00 ("Loan").  The purpose of the Loan was to provide pre-development bridge financing for a cemetery project in Honolulu, Hawaii to be known as Paradise Memorial Park.

11.     On or about February 6, 2006, DBZ and BFI entered into that certain Participation Agreement pertaining to the Loan.

12.     To evidence the Loan, PMP II executed, inter alia, two promissory notes (the "Notes"), both dated as of February 9, 2006, in the amounts of $16,650,000.00 and $1,850,000.00, respectively.  In the Notes, PMP II unconditionally promised to repay all unpaid advances and accrued interest due to BFI by March 1, 2007 (the "Initial Maturity Date").

13.    Pursuant to the Notes, the initial Maturity Date of the Loan was March 1, 2007, which maturity date was extended and later amended to January 14, 2008, and which maturity date was amended again to July 1, 2008.

14.    The obligation of PMP II to repay the Loan was secured, inter alia, by a certain Mortgage, Security Agreement and Financing Statement, dated February 9, 2006, which was duly recorded in the City and County of Honolulu, State of Hawaii.

15.    On or about February 9, 2006, BFI as assignor and DBZ as assignee executed that certain General Assignment whereby DBZ acquired from BFI an interest in the Loan as evidenced by the Notes and in connection therewith, BFI assigned to DBZ all of BFI's right, title and interest in and to all documents and instruments evidencing, securing, or otherwise executed in favor of BFI in connection with the loan, including, among other things, the Notes, the Mortgage and the Security Agreement.

The Guaranty

16.    As partial security for, and as an inducement for BFI to enter into, the Participation Agreement, each of the Defendants agreed to, and did, guaranty the repayment of the Loan.  The agreement of each of the Defendants to guaranty repayment of the Loan was set forth in the Guaranty.

17.    In the Guaranty, each of the Defendants absolutely and irrevocably guaranteed the payment of the Loan.  Specifically, the Guaranty provided that unless a "Full Recourse Event" as defined in paragraph 1.(c) of the Guaranty occurred, the payment obligations of the Defendants  would be limited to the following:  PRM Realty in the amount of $5 million plus accrued and unpaid interest, and the reasonable costs and expenses of collection; BagelPipe in the amount of $5 million plus accrued and unpaid

interest, and the reasonable costs and expenses of collection; Morris in the amount of $5 million plus accrued and unpaid interest, and the reasonable costs and expenses of collection; RCCI in the amount of $517,500 plus accrued and unpaid interest, and the reasonable costs and expenses of collection; and, Felix in the amount of $119,500 plus accrued and unpaid interest, and the reasonable costs and expenses of collection.

18.    The Defendants also agreed, inter alia, to pay all reasonable expenses and costs incurred in enforcing the Guaranty and all damages, expenses and costs incurred in connection with certain events specified in paragraph 1.(a)(iv) of the Guaranty and certain specified percentages of any additional interest advanced in order to fund an interest reserve.

19.    Pursuant to the Guaranty, the Defendants "absolutely, irrevocably and unconditionally" guaranteed the payment of the Loan to Plaintiffs.

20.    Moreover, the Guaranty provides that the Defendants "acknowledge that this Guaranty and the [Defendants'] obligations under the Guaranty are and shall at all times continue to be absolute, irrevocable and unconditional in all respects, and shall at all times be valid and enforceable irrespective of any other agreements or circumstances of any nature whatsoever which might otherwise constitute a defense to this Guaranty...."

21.    The Guaranty also provides that it is "a guaranty of payment and not of collection and the [Defendants] further waive[] any right to require that any action be brought against the Borrower or any other person or party or to require that resort be had to any security or to any balance of any deposit account or credit on the books of [BFI] in favor of the Borrower or any other person or party."

22.   Pursuant to the Guaranty, the Defendants waived, inter alia, "all other notices to which the [Defendants] might otherwise be entitled" and "any demand under this Guaranty."

23.   Pursuant to the Guaranty, the Defendants agreed to

"absolutely, unconditionally and irrevocably waive any and all right to assert or interpose any defense (other than the final and indefeasible payment in full of the Debt), setoff, counterclaim or cross-claim of any nature whatsoever with respect to this Guaranty or the obligations of the [Defendants] under this Guaranty, or the obligations of any other person or party (including without limitation, the Borrower) relating to this Guaranty, or the obligations of the [Defendants] hereunder or otherwise with respect to the Loan in any action or proceeding brought by BFI Capital to collect the Debt, or any portion thereof, or to enforce the obligations of the undersigned under this Guaranty….

24.   On or about January 31, 2007, pursuant to a Loan, Notes and Mortgage Modification Agreement, the principal balance of the Loan was increased to $19,830,662.87.

The Guaranty Reaffirmation

25.   When it became apparent that PPM II could not meet its Loan obligations by the Initial Maturity Date, PPM II exercised its option, pursuant to the Notes, to extend the term of the Loan to July 1, 2007 (the "Extended Maturity Date").

26.   Upon PMP II's request, the Extended Maturity Date was amended such that the Notes became fully payable on January 14, 2008 (the "First Amended Maturity Date").

27.   When it became apparent that PMP II would not be able to meet its obligations by the First Amended Maturity Date, PMP II requested another extension.

28.   To accommodate PPM II's request, PPM II,  BFI, and the Defendants entered into a Second Loan, Notes, and Mortgage Modification and Extension Agreement

(the "Second Extension Agreement") which were executed on or about September 1, 2007.

29.    Through the Second Extension Agreement, the maturity date of the Loan was further extended to July 1, 2008 (the "Second Amended Maturity Date"), on which date PPM II would be required to repay the "Principal Indebtedness"—$25,160,055.02 as of December 1, 2008—plus interest and other fees including an "Exit Fee" in the amount of $2,040,983.66.

30.    To induce Plaintiffs to extend the maturity date and enter into the Second Extension Agreement, the Defendants reaffirmed the Guaranty and reaffirmed each and every one of their representations, warranties, covenants, waivers, consents, and guaranties of the Principal Indebtedness.  In addition, the Defendants acknowledged that as of the date of the Second Extension Agreement the amount due and owed to BFI on account of the Loan was $19,453,873.37 plus interest in the amount of $768,219.25, and they each agreed that the limitations on their individual guaranty was increased to include their pro rata share (in the percentages as set forth in paragraph 1.(b) of the Guaranty) of the amount by which the Principal Indebtedness exceed such amounts (the "Additional Guaranty Amounts").

31.    Furthermore, in connection with the Extension Agreement, the Defendants agreed to, and did in fact, execute a Second Reaffirmation of Guaranty ("Guaranty Reaffirmation").  A true and correct copy of the Guaranty Reaffirmation is attached hereto as Exhibit B.

32.    Per the Guaranty Reaffirmation, and in order to induce Plaintiffs to extend the maturity date and enter into the Second Extension Agreement, Defendant Morris

agreed to modify his guaranty of the Loan to include a guaranty of the entire amount of the Principal Indebtedness, which amounted to $25,160,055.02 as of the December 1, 2008.

33.   Per the Guaranty Reaffirmation, and in order to induce Plaintiffs to extend the maturity date and enter into the Second Extension Agreement, Defendants Felix, PRM Realty, BagelPipe and RCCI, agreed to modify their guaranties of the Loan to include a further guaranty of the Additional Guaranty Amounts in addition to the Principal Indebtedness.

Loan Default

34.   PPM II failed to make timely payment of the Loan due by the Second Amended Maturity Date.

35.   PPM II has defaulted in the repayment of the Loan and is in breach of the Second Extension Agreement.

36.   Since July 1, 2008, the Defendants have failed to make the payments required under the Guaranty.

37.   The Defendants are liable under the Guaranty and Guaranty Reaffirmation in the amount of the $25,160,055.02 plus interest, as provided in Article 5 of the Notes, and Plaintiffs' attorneys' fees incurred in connection with the collection of this indebtedness.

38.   Article 5 of the Notes provides that in the event of default, interest shall accrue at "a rate of two percent (2.00%) per month or the maximum rate allowed to be charged by law, whichever is lower (the 'Default Rate')."

## COUNT I
### (Breach of Guaranty)

39.   Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 38 above.

40.   By reason of the foregoing, Plaintiffs have been damaged, and the Defendant Morris is indebted to Plaintiffs in the sum of $25,160,055.02 plus interest at the Default Rate and Plaintiff's attorneys' fees and costs of collection.

41.   In addition, by reason of the foregoing, Defendant PRM Realty is indebted to Plaintiffs in the sum of $5 million, plus the Additional Guaranty Amount, plus interest at the Default Rate and Plaintiffs' attorneys' fees and costs of collection.

42.   In addition, by reason of the foregoing, Defendant BagelPipe is indebted to Plaintiffs in the sum of $5 million, plus the Additional Guaranty Amount, plus interest at the Default Rate and Plaintiffs' attorneys' fees and costs of collection.

43.   In addition, by reason of the foregoing, Defendant RCCI is indebted to Plaintiffs in the sum of $517,500.00, plus 10.35% of the Additional Guaranty Amount, plus interest at the Default Rate and Plaintiffs' attorneys' fees and costs of collection.

44.   Felix is indebted to Plaintiffs in the sum of $119,500.00, plus 2.39% plus the Additional Guaranty Amount, plus interest at the Default Rate and Plaintiffs' attorneys' fees and costs of collection.

WHEREFORE Plaintiffs request judgment against the Defendants as follows:

(a)   Against Morris in the sum of $25,160,055.02 plus interest at the Default Rate from July 1, 2008 through the date of payment, together with Plaintiff's attorneys' fees and costs of collection;

(b)   Against Defendant PRM Realty in the sum of $5 million, plus the Additional Guaranty Amount, plus interest at the Default Rate from July 1, 2008 through the date of payment, together with Plaintiff's attorneys' fees and costs of collection;

(c)     Against BagelPipe in the sum of $5 million, plus the Additional
        Guaranty Amount, plus interest at the Default Rate from July 1, 2008
        through the date of payment, together with Plaintiff's attorneys' fees and
        costs of collection;

(d)     Against RCCI in the sum of $517,500, plus 10.35% of the Additional
        Guaranty Amount, plus interest at the Default Rate from July 1, 2008
        through the date of payment, together with Plaintiff's attorneys' fees and
        costs of collection;

(e)     Against Felix in the sum of $119,500, plus 2.39% plus the Additional
        Guaranty Amount, plus interest at the Default Rate from July 1, 2008
        through the date of payment, together with Plaintiff's attorneys' fees and
        costs of collection; and

(f)     Awarding Plaintiff the costs and disbursements incurred in this action,
        together with such other and further relief as this Court shall deem just
        and proper.


Dated:  March 30, 2009
        New York, New York

                                        Respectfully submitted,
                                        REED SMITH LLP

                                        By: _____
                                            Lance Gotthoffer (LG 5932)
                                            Michael J. Venditto (MV 6715)
                                            599 Lexington Avenue
                                            New York, NY 10022
                                            Tel. (212) 521-5400
                                            Fax (212) 521-5450

                                        *Attorneys for Plaintiffs*